

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| JULIA HAGOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  8:06-1799-HFF |
| | § | |
| ELECTROLUX HOME PRODUCTS, INC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This is an action for breach of contract and retaliatory discharge.  The case is before the Court, *sua sponte*, for a determination as to whether it has jurisdiction over the matter.  Having carefully reviewed the Notice of Removal, the Complaint, and the applicable law, it is the judgment of this Court that Defendant has failed to demonstrate that the Court has subject matter jurisdiction over the action.  Hence, this case shall be remanded to the Anderson County Court of Common Pleas for adjudication.

**II.    PROCEDURAL HISTORY**

Plaintiff filed her Summons and Complaint with the state court on May 17, 2006, and service was subsequently accepted on behalf of Defendant.  On June 14, 2006, Defendant filed its Notice of Removal.  Plaintiff has not filed a motion to remand.

**III.    STANDARD OF REVIEW**

A federal court's jurisdiction under the removal statutes amounts to an infringement upon state sovereignty. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). As one of this Court's sister courts has held, "[T]he statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F.Supp. 444, 445 (M.D.N.C. 1982). The Court agrees with this reasoning.

To ensure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil,* 313 U.S. at 109. In fact, the Fourth Circuit maintains that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co*., 29 F.3d 148, 151 (4th Cir. 1994). Hence, removal is warranted only when absolutely essential under federal law.

**IV.    DISCUSSION**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, it follows that a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*. 28 U.S.C. § 1447(c).

2

"Despite the applicability of the general rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity action is more limited than jurisdiction over diversity of citizenship cases originally brought in federal court." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (3d ed. 1998). "Special difficulties arise when the amount in controversy is not apparent from the plaintiff's state court complaint. . . . Some courts have looked to the defendant's notice of removal . . . others have made an independent appraisal of the monetary value of the plaintiff's claim . . . , and other courts simply have remanded the action to the state court from which it was removed." *Id.* at § 3725.

For the Court to make an independent appraisal of the monetary value of Plaintiff's claims appears to this Court to be an incorrect application of the law. To engage in such an undertaking would not only eviscerate the removing party's burden of establishing the existence of the jurisdictional amount in controversy, *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."), but would also be an inefficient use of scarce judicial resources. For the Court to remand the case to the state court without some inquiry, however, is an equally unsatisfactory approach. Therefore, in the opinion of this Court, the most judicious route is for the Court to review Defendant's Notice of Removal for evidence that Defendant has demonstrated that the Court has diversity jurisdiction over the matter.

Although the Fourth Circuit has not adopted a specific standard of proof for the Court to employ when determining whether the amount in controversy exceeds $75,000, *Rota v. Consolidation Coal Co.*, 175 F.3d 1016, 1999 WL 183873, *1 n. 4 (4th Cir. 1999) (Table) (noting that the proper standard for assessing the value of an unspecified damage claim is subject to debate and declining to adopt a position), this Court's jurisdiction cannot rest upon the metaphysical

3

possibility that the jurisdictional amount may or may not be met now or at some future point. "[T]he party who seeks the exercise of jurisdiction in his favor. . . . must allege . . . the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Thus, it follows that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, [this Court] lack[s] diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

In the instant case, Plaintiff's Complaint seeks the following relief:

(1) actual, consequential, and compensatory damages, as well as, equitable relief as permitted by law;
(2) attorneys' fees and costs as permitted by law;
(3) punitive and statutory damages, as permitted by law, as a result of Defendant's intentioanl and flagrant violation of the law and to deter Defendant from such future similar acts; and
(4) such other and further relief as it deems just and proper.

(Complaint 4.) Despite the lack of specificity in Plaintiff's prayer for relief, Defendant states that the jurisdictional amount of $75,000 has been met "as Plaintiff seeks back pay, front pay, and punitive damages." (Not. Rem. 1-2.) The Court disagrees with Defendant's conclusion.

The Court is well aware that both actual and punitive damages must be included in any calculation of the amount in controversy. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1948). The Court is also aware that some courts have found that, when an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of $75,000. Moreover, according to

4

some of those same courts, these requirements are satisfied when actual and punitive damages are sought and the plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal. For the Court to presume that the jurisdictional amount is met under these circumstances, however, appears to this Court to be in direct contradiction to well-settled law that (1) there is a strong presumption against removal jurisdiction and (2) any uncertainties are to be resolved in favor of remand. 28 U.S.C. § 1447. Furthermore, the Court is of the firm opinion that it was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship. Accordingly, the Court declines to follow the practice of those courts.

Simply stated, Defendant's invocation of the possibility of actual, consequential, and punitive damages being awarded, without more, is inadequate to establish that the amount in controversy exceeds the jurisdictional amount. Therefore, since the removing party has not presented a sufficient factual basis for the Court to make an informed decision as to whether Plaintiff can or cannot recover damages in excess of $75,000 in this case, it has failed to bear the burden of establishing that the Court has jurisdiction over the matter for purposes of removal. Accordingly, the case must be remanded.

**V.    CONCLUSION**

In light of the foregoing discussion and analysis, the Court concludes that Defendant has failed to establish that the jurisdictional amount has been satisfied. Therefore, the Court orders that this case be, and the same is hereby, **REMANDED** to the Anderson County Court of Common Pleas for adjudication, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

Signed this 15th day of June, 2006, in Spartanburg, South Carolina.

                                                s/Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE